CLERK, U.S. DISTRICT COURT

JAN 1 8 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Note
Changes. *[signature]*

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT DEL AMO, an individual | Case No.: CV 07-663-PSG(JWJx) |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| v. | |
| NORMAN BACCASH, an individual; NO CASH, INC., a California corporation; and DOES 1-20 inclusive, | |
| Defendants. | |

WHEREAS, this Protective Order is intended to preserve certain information that is or may be sought or disclosed in discovery by Plaintiff GREGORY SCOTT DEL AMO ("Plaintiff") and Defendants NORMAN BACCASH and NO CASH, INC. (collectively "Defendants") in the above-captioned action that may constitute confidential financial, business and other commercial and sensitive personal records, reports and information entitled to protection from disclosure under California and Federal law;

WHEREAS, Plaintiff and Defendants (sometimes collectively referred to in this Protective Order as the "Parties") desire to establish a mechanism to prevent the improper disclosure of such information whether produced by parties or other persons;

It is therefore ORDERED that:

1.   The Parties have the right to designate as confidential any discovery materials in this action which the responding party believes in good faith contain confidential trade secrets, research, development, commercial or financial information or any other proprietary or confidential business information that the designating party desires to protect against disclosure and in which there is a privacy interest.

2.   The procedures outlined in this Protective Order ("Protective Order") shall apply to all confidential trade secrets, research, development, commercial or financial information or any other proprietary or confidential business information that the designating party desires to protect against disclosure and in which there is a privacy interest subject to discovery or disclosed pursuant to the *Federal Rules of Civil Procedure* or offered in any court filings or at court hearings or trial, namely the confidential and financial business documents produced pursuant to the Court's Order of December 13, 2007.

3.   The following confidentiality designation available with respect to confidential and financial business information produced in this matter are:

(a) A party may affix the legend **"CONFIDENTIAL"** (hereinafter "Confidential Material") to **DOCUMENTS** it believes to contain information subject to protection under Rule 26(b) of the *Federal Rules of Civil Procedure.*

4.   The parties contemplate that the Confidential Material shall include particularly sensitive competitive, commercial or financial information or any other proprietary or confidential business information, namely all documents produced pursuant to the Court's December 13, 2007 Order.  Such Confidential Material shall be designated with the legend *"Confidential"* at the time of production.  Inadvertent failure to designate a document as *"Confidential"* may be corrected by supplemental written notice given as soon as practical.

*[handwritten: pursuant to the court's specific order and findings on December 13, 2007]*

5. Confidential Material produced in this case, and copies thereof, and the information contained therein, shall be made available to and inspected by the following persons only:

    (a) ~~[The parties,]~~ counsel for the parties in this action, and counsel's employees who are working on this litigation, including outside copying services working directly under the supervision of counsel;

    (b) Expert witnesses and consultants, and their employees, who are directly employed or retained in connection with this action by counsel for the parties, to the extent that such disclosure is necessary for the prosecution or defense of this case;

    (c) The Court, court personnel, including court reporters at proceedings in this action, ~~[and the jury]~~, as necessary for purposes of trial or motions; and

    (d) Any other person who is designated as a qualified person by order of this Court, after notice to the parties hereto.

*[handwritten: Admissibility at trial shall be determined by the trial court.]*

6. All Confidential Material, including all documents produced pursuant to the Court's December 13, 2007 Order, shall, subject to the provisions hereof, be used by the person receiving it only in connection with prosecuting or defending this action. Confidential Material shall not be used for any business, competitive, or other purpose, and shall not be disclosed to any person or entity, except as provided herein.

7. Any inadvertent or unintentional disclosure by the producing party of Confidential Material, regardless of whether the interpretation was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

*[handwritten left margin: produced pursuant to the court's specific findings on December 13, 2007]*

1  Upon discovery of inadvertent or unintentional disclosure, counsel for the parties
2  shall cooperate to restore the confidentiality of the inadvertently closed
3  information.

4      8.    The persons described in paragraphs 5(a), 5(b), and 5(d) shall have
5  access to Confidential Materials once they have been made aware of the
6  provisions of this Order and have manifested their assent to be bound thereby by
7  signing a copy of the attached CONFIDENTIALITY AGREEMENT.

8      9.    Copies of the signed CONFIDENTIALITY AGREEMENT shall be
9  exchanged by the parties no later than 10 days after signing of same by all persons
10  except undisclosed consultants.  With respect to those persons identified in
11  paragraph 5(b), counsel shall retain their signed CONFIDENTIALITY
12  AGREEMENTS until such time as signors are designated as expert witnesses, at
13  which time copies of the signed CONFIDENTIALITY AGREEMENT shall be
14  then exchanged between the parties.  All signors of the CONFIDENTIALITY
15  AGREEMENT are enjoined from disclosing Confidential Material to any to any
16  other person except in conformance with this Order.

17      10.   Each individual who receives any Confidential Material hereby
18  agrees to subject himself/herself to the jurisdiction of this Court for the purpose of
19  any proceeding related to the performance under, compliance with, or violation of
20  this Protective Order.

21      11.   In the event that a party receiving material designated as Confidential
22  disagrees with such designation, that party shall serve a written notice of objection
23  on the party designating the material.  The parties shall then attempt in good faith
24  to resolve the dispute.  If the parties are unable to come to a resolution within ten
25  (10) days of the parties' good faith attempt to resolve the dispute, the party
26  seeking to disclose the materials designated as Confidential Material shall file a
27  motion with the Court seeking a ruling as to whether such disclosure may be made
28  and whether any restrictions or limitations should be placed on any such

disclosure. Any such material shall be treated as confidential until such time as the Court enters an order. Nothing in this Protective Order shall shift the burden of proof as to the confidentiality of the documents or the opposing party's entitlement to them.

12.   In the event that counsel for either party determines that the prosecution of this action requires that Confidential Material be disclosed to persons not otherwise authorized herein, such counsel shall provide the other party written notice by facsimile or hand delivery of the intended disclosure (which shall specify with particularity the Confidential Material to be disclosed and the identity of the otherwise unauthorized person). This written notice shall be given not less than ten (10) business days prior to intended disclosure, or such shorter period as is mutually agreeable to the parties in any particular case. If, within ten (10) business days after receipt of such notice, a party objects in writing to such disclosure, the party seeking to disclose the materials designated as Confidential Material shall file a motion with the Court seeking a ruling as to whether such disclosure may be made and whether any restrictions or limitations should be placed on any such disclosure. No portion of Confidential Material shall be disclosed to persons not otherwise authorized herein to view such materials unless the Court so orders.

13.   In the event that any Confidential Material is to be used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

14.   All Confidential Material and any papers containing information contained in or derived from such documents that is filed with the Court shall be filed with the clerk of the court in sealed envelopes bearing the title and docket number of this action and shall be marked "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER," and a statement substantially in the form:

THIS ENVELOPE CONTAINING DOCUMENTS THAT ARE FILED IN THIS CASE BY [NAME OF PARTY] IS NOT TO BE OPENED NOR THE CONTENTS THEREOF TO BE DISPLAYED, COPIED OR REVEALED EXCEPT BY COURT ORDER OR AGREEMENT OF THE PARTIES, to be opened only as the Court directs.

15.    In the event that either party receives a third party subpoena or other form of legal process requesting Confidential Materials produced in this case, the party receiving such request will provide the other party written notice by facsimile or hand delivery that such a request was received and provide a copy of the request with the written notice. The party receiving the third party subpoena or other form of legal process shall provide notice by facsimile or hand delivery of the request to the other party within five (5) days of receiving the subpoena and shall not produce the requested documents for at least ten business days after giving such notice, unless the other party states in writing that it does not intend to seek protection in connection with the third party subpoena or other form of legal process concerning the Confidential   Material.    If the subpoena requires production of Confidential Material in less than fifteen (15) days, the party must provide written notice by facsimile immediately.

16.    At the conclusion of this action, including all appeals and/or remands, all discovery material labeled "Confidential," including all copies, extracts and summaries and all documents containing information taken therefrom, shall be returned to the producing party no later than thirty (30) days after the unappealed or unappealable final judgment or settlement of this action. As to copies, extracts, or summaries containing attorney work product, such documents may be destroyed by the receiving party in lieu of returning such items to the producing party, subject to written confirmation to that effect. *The court(s) and its personnel shall not be subject to the terms of this agreement.*

(except those materials in the custody of the trial or appellate court)

17.    In the event additional parties are added to this litigation, each new party's counsel shall sign a duplicate original of the Protective Order and send it to

all other counsel for the parties and cause same to be filed with the Court.

18.    In order to permit discovery to proceed without further delay, the parties agree that this Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including materials produced at any time after the commencement of this case.

**IT IS SO ORDERED.**

DATED:  January 18, 2008

Hon. Jeffrey W. Johnson
United States Magistrate Court
for the Central District of California

# APPENDIX A

## Viewing Record and Agreement

The undersigned hereby acknowledges:

1.    I have received a copy of the Protective Order for Production of Documents entered into in the matter of GREGORY SCOTT DEL AMO *v.* NORMAN BACCASH and NO CASH, INC, *et al.*, United States District Court Case No. CV 07-663-PSG (JWJx).

2.    I have been provided temporary custody and/or viewing privileges to Confidential Material as defined in the Protective Order, and in consideration thereof, I agree to be bound by the terms and conditions of the Order.

Dated: _____

                                        _____
                                        [Signature]

                                        _____
                                        [Print Name/Company]

1

## PROOF OF SERVICE BY MAIL

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **1100 Glendon Avenue, Tenth Floor, Los Angeles, California 90024**.

5

6

On **December 20, 2007**, I served the foregoing document described as **[PROPOSED] PROTECTIVE ORDER** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed as follows:

7

8

9

10

Alexander S. Gareeb, Esq.
Christopher Pham, Esq.
Gareeb & Pham LLP
707 Wilshire Boulevard, Suite 5300
Los Angeles, California 90017
Telephone: (213) 455-2930
Facsimile: (213) 455-2940

Ryan Alexander, Esq.
Alexander, Odunze & Kang LLP
5516 South Fort Apache Road
Suite 120
Las Vegas, Nevada 89148
Telephone: (702) 538-7956
Facsimile: (702) 538-7980

11

12

13

14

15

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in U.S. Postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for ming in affidavit.

16

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

Executed on **December 20, 2007**, at Los Angeles, California.

18

19

20

Linda Kava

21

22

23

24

25

26

27

28