O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #148/158

CIVIL MINUTES - GENERAL

| Case No. | CV 07-663-PSG | Date | Sept. 16, 2008 |
|---|---|---|---|
| Title | Del Amo v. Baccash et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

Not Present                                Not Present

**Proceedings:**     (In Chambers) Order on Defendants' Motion to Amend Judgment Under FRCP 59(e)

Pending before this Court is Defendants' Motion to Amend Judgment. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby DENIES Defendants' Motion.

I.      BACKGROUND

Plaintiff Gregory Scott Del Amo ("Plaintiff") is the owner of copyrights to adult entertainment photographs. Plaintiff is also the assignee of the rights of publicity held by the models of whom the photographs were taken. Defendants Norman Baccash ("Baccash") and No Cash, Inc. ("No Cash") (collectively, "Defendants") run adult entertainment websites, such as BushDVD.

Plaintiff filed a lawsuit against Defendants in which Plaintiff alleged that Defendants misappropriated Plaintiff's photographs without his permission to, inter alia, promote their adult entertainment websites. This lawsuit contained the following five claims: (1) copyright infringement, (2) misappropriation of a person's photograph and/or likeness under California Civil Code section 3344, (3) misappropriation of a person's photograph and/or likeness under common law, (4) unjust enrichment, and (5) unfair competition pursuant to California Business and Professions Code section 17200 et seq.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #148/158**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-663-PSG | Date | Sept. 16, 2008 |
|---|---|---|---|
| Title | Del Amo v. Baccash et al. | | |

    In a summary judgment ruling issued on March 14, 2008, the Court found that (1) Baccash was vicariously liable for copyright infringement and (2) insofar as Plaintiff's section 3344 claim pertained to the misappropriation of the photographs, it was preeempted by the Copyright Act, 17 U.S.C. § 101 et seq. *In Chambers Order on Plaintiff's Motion for Partial Summary Judgment* ("*PSJ*"), *Del Amo v. Baccash*, No. 07-663 (C.D. Cal. Mar. 14, 2008). Two weeks later the Court clarified this Order, holding that No Cash, as owner of BushDVD, was directly liable for copyright infringement of Plaintiff's photographs. *In Chambers Order on Plaintiff's Ex Parte Motion for Reconsideration, Defendants' Ex Parte Motion for Reconsideration, and Defendants' Ex Parte Application to Compel the Trial Attendance of Gregory Scott Del Amo*, No. 07-663 (C.D. Cal. Mar. 28, 2008).

    Then, on April 1, 2008, a two-day bench trial commenced, the purpose of which was to determine Plaintiff's damages. At the beginning of this trial, Plaintiff withdrew three of his claims: (1) misappropriation of a person's photograph and/or likeness under common law, (2) unjust enrichment, and (3) unfair competition. This left Plaintiff with his copyright claim and his section 3344 claim. At the conclusion of the trial, the Court issued its Findings of Fact and Conclusions of Law ("*Findings*"). With regard to the copyright claim, the Court determined that Plaintiff failed to establish the required nexus between Defendants' infringing activities and their indirect profits. *Findings*, 10:28-11:18, 14:4-7. As for the section 3344 claim, the Court found that Plaintiff had not submitted adequate proof of actual damages nor had Plaintiff shown that Defendants' profits were attributable to their unlawful conduct. *Id.* at 18:14-18. Consequently, the Court held that Plaintiff could not recover actual damages under California Civil Code section 3344. *Id.* Nevertheless, pursuant to the statutory framework of section 3344, the Court found that Plaintiff could recover $10,500. *Id.* at 18:21-28.

    On September 4, 2008, Defendants filed the instant motion in which they request that the Court amends its judgment against them. Defendants levy a five-pronged attack against the judgment. First, they argue that the section 3344 award is preempted by the Copyright Act. Second, Defendants argue that section 3344 requires more than a direct connection between the photos and the commercial purpose. Third, Defendants argue that the Court erred in stating the elements of a section 3344 claim. Fourth, Defendants argue that, pursuant to the correct statement of the elements of a section 3344 claim, the Court failed to identify an injury to Plaintiff. And, lastly, Defendants argue that the Court improperly calculated the statutory award under section 3344.

    For the reasons set out below, the Court DENIES Defendants' motion.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #148/158

CIVIL MINUTES - GENERAL

| Case No. | CV 07-663-PSG | Date | Sept. 16, 2008 |
|---|---|---|---|
| Title | Del Amo v. Baccash et al. | | |

II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court may alter or amend its judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  In other highly unusual circumstances, reconsideration may also be warranted.  *Sch. Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Also, although a Rule 59(e) motion may rehash arguments previously made, *Clipper Express v. Rocky Mountain Tariff*, 690 F.2d 1240, 1249 (9th Cir. 1982), "[a] Rule 59(e) motion may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

III.    DISCUSSION

At the outset, it is worth noting the following.  First, because Defendants' have only claimed that the Court has committed "clear error" or made an initial decision that was "manifestly unjust," *Zimmerman*, 255 F.3d at 740, the Court confines its analysis to these parameters.  Second, before reaching the merits of Defendants' motion, the Court first addresses a procedural argument raised by Plaintiff in his Opposition.

        A.      Failure to Meet and Confer

Pursuant to Local Rule 7-3, prior to the filing of a motion parties must meet and confer "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." L.R. 7-3.  Plaintiff argues that Defendants' failed to comply with this rule and on that basis alone Defendants' motion should be denied.

In support of its argument, Plaintiff points to a July 30, 2008 letter that Defendants' counsel sent to Plaintiff's counsel.  The purpose of the letter was to notify Plaintiff's counsel that Defendants planned to file a motion to amend the judgment of the court based on:
    the following legal errors and manifestation of injustice inadvertently committed
    by the Court:

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #148/158

CIVIL MINUTES - GENERAL

| Case No. | CV 07-663-PSG | Date | Sept. 16, 2008 |
|---|---|---|---|
| Title | Del Amo v. Baccash et al. | | |

1. Plaintiff's statutory right of publicity claim under § 3344 is preempted by the Copyright Act;

2. Plaintiff's nonexclusive Artist Agreement does not confer upon him standing to assert the models' right of publicity claims; and

3. The recovery of statutory damages under § 3344, if any is entitled, should have been based on the number of adult performers at issue, not the number of photographs.

*Plaintiff's Pts. & Auth.*, Exh. A.  According to Plaintiff, "except for point 3, even a cursory review of Defendants' Motion to Amend reveals that they did not meet and confer about any of the substantive issues contained therein." *Id.* at 6:25-27.

  As an initial matter, Plaintiff is simply incorrect.  Defendants' motion, as discussed above and directly below, contains a preemption argument.  Thus, based on the pleadings, the parties met and conferred regarding at least two of the arguments in Defendants' motion.  More importantly, though, there is no evidence of bad faith on the part of Defendants.  For these reasons, the Court is willing to excuse Defendants' failure to meet and confer on every substantive issue they raised in their motion.

  Therefore, the Court rejects Plaintiff's argument that Defendants' motion should be dismissed for violation of Local Rule 7-3 and proceeds to rule on the motion in its entirety.

  B. <u>Defendants' Preemption Argument</u>

  According to Defendants, the statutory award of $750 is preempted by the Copyright Act, 17 U.S.C. § 101 et seq.  This is because, Defendants argue, section 412 of the Copyright Act prohibits statutory damages when the infringement happens before registration.  *See* 17 U.S.C. § 412.  And indeed it does.  *See id.*  What Defendants fail to appreciate, however, is that section 412 applies only when the Copyright Act itself applies.  Despite Defendants' persistent arguments otherwise, the Copyright Act does not fully preempt Plaintiff's section 3344 claim.  On this point, the Court has been abundantly clear.  Twice before, once at summary judgment and once in its Findings of Facts and

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #148/158

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-663-PSG | Date | Sept. 16, 2008 |
|---|---|---|---|
| Title | Del Amo v. Baccash et al. | | |

Conclusions of Law, the Court has determined that Plaintiff's section 3344 claim is only partially preempted by the Copyright Act. *See PSJ*, 10; *Findings*, 15:22-16:5. This is because, as has already been discussed in previous rulings, the section 3344 claim arises from a right of publicity based on the models' likenesses, not based on the embodiment of that likeness (*i.e.*, the photographs). Thus, to the extent that Plaintiff's section 3344 claim is based on a violation of the models' right of publicity, it is not preempted by the Copyright Act. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001) (finding that "[a] person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102"); *KNB Enter. v. Matthews*, 78 Cal. App. 4th 362, 374-75, 92 Cal. Rptr. 2d 713 (2000).

The section 3344 award was based on a violation of the models' right of publicity, not on a violation of any copyrights held by the models or Plaintiff. Consequently, the section 3344 claim is not preempted by the Copyright Act and Defendants' argument urging the Court to find otherwise is, again, rejected.

    C.    <u>Defendants' "Direct Connection" Argument</u>

Defendants also contend that the Court's judgment should be amended because section 3344 requires more than a "direct connection" between the photos and the commercial use. To support its argument, Defendant points to the language in the statute, legislative history (though Defendants fail to cite a source),[1] and one case, *Johnson v. Harcourt, Brace, Jovanovich*, 43 Cal. App. 3d 880, 118 Cal. Rptr. 370 (1974).[2] Plaintiff, on the other hand, argues that Defendants' argument should be rejected for two reasons. First, Defendants failed to raise this argument in any of their previous papers. Second, it

---

[1] Defendants' reliance on legislative history is misplaced. Well-established principles of construction dictate that statutory analysis necessarily begins with the "plain meaning" of a law's text and, absent ambiguity, will generally end there. *See, e.g.*, *Lamie v. United States Trustee*, 540 U.S. 526, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004). As the Court finds no ambiguity in the applicable statute, the Court declines to consider its legislative history.

[2] Defendants' reliance on *Johnson* is also misplaced. The law on what constitutes "so directly connected" is limited, presumably because courts tend to, as the *Johnson* court did, engage in scant analysis of this issue. *See Johnson*, 43 Cal. App. 3d at 895. Due to the incomplete legal analysis in *Johnson*, the Court declines to grant it great persuasive weight.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #148/158**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-663-PSG | Date | Sept. 16, 2008 |
|---|---|---|---|
| Title | Del Amo v. Baccash et al. | | |

ignores the Court's Findings of Fact and Conclusions of Law, as well as Defendants' own admissions.

As an initial matter, Plaintiff's first counterargument can be dismissed outright. Defendants have raised this argument in previous papers. *See, e.g.*, *Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment*, 24-25. Plaintiff's second counterargument has, however, more merit and therefore deserves more consideration. It is addressed together with Defendants' argument.

Section 3344 (e) provides that

it shall be a question of fact whether or not the use of the person's name, voice, signature, or likeness was *so directly connected* with the commercial sponsorship or with the paid advertising as to constitute a use for which consent is required under subdivision (a).

Cal. Civ. Code § 3344(e) (emphasis provided). In its Findings of Fact and Conclusions of Law, the Court determined that "Plaintiff has also established that there was a 'direct connection' between Defendants' display of the models' photographs and Defendants' commercial purpose of promoting their on-line video rental business." *Findings*, 17:3-5. Thus, the Court has previously made the factual determination that is required to support a finding of liability under section 3344(e). Whatever grievances Defendants may have with this factual determination do not rise to the level of "clear error." *See Zimmerman*, 255 F.3d at 740. Defendants have also failed to present the Court with any arguments as to why, at least on this issue, the Court's prior determination rises to the level of manifest injustice. *See id.*

   D.   Defendants' Arguments Regarding the Statement of the Applicable Test and Its Application to the Instant Case

Defendants third and fourth arguments tie into one another and are thusly addressed together. At the bench trial, the Court determined that "Plaintiff ha[d] proven the elements of a Section 3344 violation . . . [by establishing] that Defendants (1) knowingly used the models'

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #148/158**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-663-PSG | Date | Sept. 16, 2008 |
|---|---|---|---|
| Title | Del Amo v. Baccash et al. | | |

likenesses, (2) for purposes of advertising merchandise, (3) without Plaintiff's prior consent." *Findings*, 16:22-25. This three-part test mirrors that used by the California courts and the Ninth Circuit in reviewing section 3344 claims. *See*, *e.g.*, *Downing*, 265 F.3d 994 (citing *Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 417, 198 Cal. Rptr. 342 (1983)). According to Defendants, though, the test applied by this Court "failed to recognize the other two requirements for a Section 3344 violation – 1) an injury, and 2) damages." *Defendants' Pts. & Auth.*, 7:15-16. Further, Defendants argue that under the "correct" test, *i.e.*, the one they articulate in their briefs, Plaintiff failed to prove injury or damages. Plaintiff contends, however, that the Court applied the correct test and, even assuming the Court failed to apply the correct test, Plaintiff has nonetheless proved that he suffered injury by Defendants' misappropriation.

California has long recognized a right to protect a person's name and likeness against appropriation by others. *Downing*, 265 F.3d at 1001. There are two vehicles a plaintiff can use to protect this right: a common law cause of action for commercial misappropriation and a section 3344 claim. *Id.* To prove the common law cause of action, the plaintiff must prove: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Id*. To prove the statutory remedy, on the other hand, a plaintiff must present evidence of "all of the elements of the common law cause of action" and must also prove "a knowing use by the defendant as well as a direct connection between the alleged use and the commercial use." *Id.*

Based on the foregoing, Defendants' argument that the Court misstated the applicable test has some merit. Admittedly, the Court neglected to explicitly state the fourth element of the applicable test: injury. However, for the reasons stated below, this does not amount to "clear error" or manifest injustice. *Zimmerman*, 255 F.3d at 740

First, though, a quick aside is warranted. While the Court failed to explicitly account for the fourth element, there is no indication in any of the caselaw of a fifth element. The Court has reviewed the cases cited by Defendants in support of their motion and not one of these cases apply a five-part test. *See Defendants' Pts. & Auth.*, 7:13-19 (citing *Eastwood*, 149 Cal. App. 3d 409; *Downing*, 265 F.3d 994; and, *Auscape Int'l v. Nat'l Geographic Soc.*, 461 F. Supp. 2d 174 (S.D.N.Y. 2006)). Rather all three courts in these cases applied the four-part test laid out above.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #148/158**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-663-PSG | Date | Sept. 16, 2008 |
|---|---|---|---|
| Title | Del Amo v. Baccash et al. | | |

Returning to the issue at hand, Defendants contend that Plaintiff "has never stated or provided any evidence that he was injured physical [sic] or mentally by the Defendants' conduct, thus a Section 3344 finding of liability is NOT possible." *Defendants Pts. & Auth.*, 8:5-7 (emphasis in original). However, this argument misunderstands not only the state of the law, but the nature of the rights at stake as well. Beginning with the latter first, as noted in the Court's Findings of Fact and Conclusions of Law, the injury being remedied by the section 3344 claim is not the misappropriation of Plaintiff's photographs *qua* photographs. *Findings*, 16-17. That claim would, as the Court has previously noted, be preempted by the Copyright Act. *Id.* at 15. Rather, the injury being remedied by the section 3344 claim is the misappropriation of the models' likenesses. These publicity rights were effectively assigned to Plaintiff by the models. *See id.* at 17:12-19. Thus, this issue turns not on whether Plaintiff has proved that he, as owner of the copyrights in the photographs, suffered an injury, but on whether the models, who assigned their publicity rights in the photographs to Plaintiff, suffered an injury.[3] To answer this question requires a brief overview of the applicable law.

Recently, a California appellate court traced the history of section 3344 in order to determine, inter alia, what section 3344(a)'s minimum statutory damages (*i.e.*, the $750 award) were intended to remedy. *See Miller v. Collectors Universe, Inc.*, 159 Cal. App. 4th 988, 72 Cal. Rptr. 3d 194 (2008). According to the *Miller* court, "[t]he statute's legislative history reveals section 3344(a) was intended to fill 'a gap which exist[ed] in the common law tort of invasion of privacy' as applied to noncelebrity plaintiffs whose names lacked 'commercial value on the open market.'" *Id.* at 1002. Thus, the *Miller* court confirmed that section 3344 was enacted to provide "a practical remedy for a noncelebrity plaintiff whose damages are difficult to prove and who suffers primarily mental harm from the commercial misappropriation of his or her name." *Id.*

Implicit in this reasoning is a recognition that a plaintiff should not be precluded from recovering section 3344(a)'s minimum statutory damages absent proof of damages. In other words, section 3344(a)'s statutory framework appears to contemplate, as the Defendants' acknowledge in their pleadings, that there are times when a plaintiff need not prove damages to recover under section 3344. *See* Cal. Civ. Code § 3344(a) (stating that an injured party may

---

[3] For this reason Defendants' argument that "Plaintiff could not have been damaged when he received adequate consideration for the photographs," *Defendants' Pts. & Auth.*, 9:1-2, and all related arguments can be dismissed outright.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #148/158**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-663-PSG | Date | Sept. 16, 2008 |
|---|---|---|---|
| Title | Del Amo v. Baccash et al. | | |

recover "an amount equal to the greater of seven hundred fifty dollars ($750) <u>or</u> the actual damages suffered by him or her. . . .") (emphasis added).

     The *Miller* court's interpretation of section 3344 is consistent with past California appellate decisions. *See*, *e.g.*, *KNB Enter.*, 78 Cal. App. at 367 ("Section 3344 provides for minimum damages of $750, even if no actual damages are proven."). Further, it appears that these judicial glosses of section 3344 have been incorporated into the California Civil Jury Instructions for damages under section 3344, which provide: "If [name of plaintiff] has not proved the above damages, or has proved an amount of damages less than $750, then you must award [him/her] $750." CACI No. 1821.

     What is most damaging to Defendants' argument is the fact that the caselaw is unclear as to whether a plaintiff need always prove injury. *See, e.g.*, *Downing*, 265 F.3d 994; *Miller*, 159 Cal. App. 4th 988; *Eastwood*, 149 Cal. App. 3d 409; and, *Auscape Int'l*, 461 F. Supp. 2d 174. In fact, it actually appears as if courts generally presume that the fourth element of the applicable test has been established if there is sufficient evidence to prove the first three elements. *See*, *e.g.*, *Miller*, 159 Cal. App. 4th at 1005.

     What all of this suggests, then, is that so long as a plaintiff has demonstrated (1) use of plaintiff's identity, (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise, and (3) a lack of consent, a plaintiff need not demonstrate injury. While this may not be true for all section 3344 claims – for example, section 3344 claims that seek actual damages – it appears true at least for those claims that seek the minimum statutory damages.

     Returning to the instant case, it bears repeating that the Court found that Plaintiff produced sufficient evidence of the first three elements. *Findings*, 16-17. Consequently, in accordance with the applicable caselaw, the Court presumes that the fourth element was satisfied for purposes of a section 3344 claim that sought minimum statutory damages.[4] Thus, for the

---

[4] Admittedly, this reading of the cases results in a disconnect between the test as it is articulated in the caselaw and how the test is applied in the instant case. But such a disconnect is present both in precedent that is binding upon this Court, *see*, *e.g.*, *Downing*, 265 F.3d 994; *White v. Samsung Electronics America, Inc.*, 971 F.2d 1395 (9th Cir. 1992), and precedent that the Court finds persuasive, *see e.g.*, *Miller*, 159 Cal. App. 4th 988; *Eastwood*, 149 Cal. App. 3d 409; and, *Auscape Int'l*, 461 F. Supp. 2d 174.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #148/158

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-663-PSG | Date | Sept. 16, 2008 |
|---|---|---|---|
| Title | Del Amo v. Baccash et al. | | |

foregoing reasons the Court's failure to articulate the fourth element in the applicable test did not result in "clear error" or manifest injustice. *See Zimmerman*, 255 F.3d at 740.

  E.  Defendants' Calculation Arguments

  Still, though, the Court must decide whether it correctly calculated the statutory award under section 3344. Defendants present two arguments as to why the Court's judgment must be amended: (1) Plaintiff's case consisted of only one cause of action, and (2) the single-publication rule limits Plaintiff's recovery.

    1.  Causes of Action

  According to Defendants, assuming that an award is appropriate under section 3344, only one cause of action existed in this case. This is because, Defendants argue, California follows the primary right theory and "all the photos result in one right of Section 3344"; it follows, then, that "the wrong is the same for all the photos, misappropriation." *See Defendants' Pts. & Auth.*, 11:12-14. Thus, according to Defendants' calculations, Plaintiff is entitled to recover only $750.00 for Defendants' misappropriations (*i.e.*, 1 x $750). According to Plaintiff, however, there were in fact fourteen different causes of action, which is why he claims he is indeed entitled to an award of $10,500 (14 x $750).

  *Miller* is informative on this issue. There, the court found that the defendant used the name of the plaintiff, without his consent, on 14,060 certificates of authenticity ("COA"). *See generally Miller*, 159 Cal. App. 4th 988. Although the COA's were issued to authenticate 14,060 separate items, the court found that, with regard to statutory damages, there was only one cause of action. *Id.* at 1008. Put otherwise, because there was only one representation at issue in *Miller* – the plaintiff's signature – the court found that there was only one cause of action.

  Here, unlike in *Miller*, there has been a misappropriation of fourteen different representations – the fourteen photographs in which the models' likenesses were embodied. This is why the Court found then, as it does now, that Plaintiff is entitled to recover $750 for Defendants' misappropriations through use of each of the fourteen photographs.

    2.  Single Publication Rule

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #148/158**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-663-PSG | Date | Sept. 16, 2008 |
|---|---|---|---|
| Title | Del Amo v. Baccash et al. | | |

Defendants also argue that the single-publication rule limits Plaintiff's recovery. Under the single-publication rule, a plaintiff has a single tort cause of action "founded upon any single publication . . . such as any one issue of a newspaper or book or magazine. . . ." Cal. Civ. Code § 3425.3. This rule applies to the medium involved in the instant case: the internet. *See Hebrew Academy of San Francisco v. Goldman*, 42 Cal. 4th 883, 893, 70 Cal. Rptr. 3d 178 (2007) (stating that the single-publication rule "applies without limitation to all publications").

As Plaintiff correctly notes in his Opposition to this motion, this case is not based on numerous publications but on one publication: a singular instance where Defendants displayed the photographs on their website. As there is no issue of multiple publications, the single-publication rule is inapplicable and it therefore does not limit Plaintiff to a single cause of action in this case.

IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES Defendants' motion.