O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-663 PSG (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | Gregory Scott Del Amo v. Norman Baccash | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):       Attorneys Present for Defendant(s):

Not Present                                Not Present

**Proceedings:**   **(In Chambers) Order Denying Defendants' *Ex Parte* Application for an Order Granting an Extension of Time for Filing Notice of Appeal**

Pending before this Court is Defendants' *ex parte* application. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. Proc. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendants' application.

I.   BACKGROUND

On August 13, 2008, the Court entered a final judgment in the matter of *Del Amo v. Baccash*. Each party was immediately notified of the Court's entry of Judgment via the federal court's electronic filing system.

Since the Court entered final judgment, a variety of post-trial motions have been submitted by the parties. Plaintiff, on August 27, 2008, filed a motion for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d). Like Plaintiff, Defendants also filed a motion for attorney's fees on August 27, 2008. Then, on September 4, 2008, Defendants filed a motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e). The Court ruled on Defendants' motion to amend judgment on September 18, 2008. Then, on November 10, 2008, the Court entered its rulings on the parties' motions for attorney's fees.

The present Motion comes by way of *ex parte* application. Essentially, Defendants request an order tolling the filing of the notice of appeal of the August 13, 2008 judgment. In addition to opposing the present Motion, Plaintiff also requests that the Court impose sanctions against Defendants for what Plaintiff characterizes as an *ex parte* application that is "completely

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-663 PSG (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | Gregory Scott Del Amo v. Norman Baccash | | |

devoid of merit."

II.     DISCUSSION

  A. Whether the Court May Toll the Time For Filing a Notice of Appeal

  Defendants first argue that the Court has discretion to grant this request pursuant to Federal Rule of Civil Procedure Rule 58(e).  As explained in more detail below, the Court lacks such discretion.

  The Court begins its analysis by recognizing two well-established rules.  First, a timely notice of appeal is a non-waivable jurisdictional requirement.  *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 869 (9th Cir. 2004).  Second, "[t]he power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed."  *Mendes Junior Int'l Co. v. Banco Do Brasil, S.A.*, 215 F.3d 306, 312 (2d Cir. 2000).

  Federal Rule of Appellate Procedure 4 and Federal Rule of Civil Procedure 58 set forth the framework for determining when the time to appeal begins to run.  Subject to some exceptions, Federal Rule of Appellate Procedure 4(a)(1)(A) requires a notice of appeal to be filed within 30 days "after the . . . order appealed from is entered."

  Following this framework, it is clear that the time to file a notice of appeal has passed.  The Court entered its Judgment on August 13, 2008.  Since, ordinarily, a notice of appeal must be filed within 30 days after entry of the appealed judgment or order, Fed. R. App. P. 4(a)(1)(A), the time to appeal would have run on September 13, 2008.  In this case, however, because Defendants timely filed a motion to amend, the time to appeal was tolled until September 18, 2008, the date the Court entered a ruling on Defendants' motion to amend.  On that day, the relevant 30-day time limit starting running anew.  *See* Fed. R. App. P. 4(a)(4)(A) (providing that the relevant 30-day time limit commences anew from the entry of the order disposing of the last outstanding tolling motion).  Accordingly, the deadline for Defendants to appeal the Court's judgment was October 20, 2008.[1]

  Defendants argue that Rule 58 authorizes the Court to extend the time to appeal because

---

[1] Because the deadline – October 18, 2008 – fell on a Saturday, Defendants were not required to file their appeal until the following Monday, October 20, 2008.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-663 PSG (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | Gregory Scott Del Amo v. Norman Baccash | | |

the parties filed cross-motions for attorney's fees. Rule 58 begins by noting that "[o]rdinarily, entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees." Fed. R. Civ. P. 58(e). It goes on to provide that:

> if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and has become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

*Id.* Defendants urge the Court to interpret this Rule to be a mechanism that allows the Court to toll the time to appeal regardless of when the motion to do so is brought. But such an interpretation is inconsistent with the plain meaning of the rule. By its terms, Rule 58(e) allows a court to toll the time of appeal only if the notice of appeal could become effective. *See* Fed. R. Civ. 58(e) ("[T]he court may act before a notice of appeal has been filed and has become effective[.]"). If Defendants were to file a notice of appeal now, it could not become effective because the 30-day time period lapsed on October 20, 2008. Consequently, the Court is without jurisdiction to enter an order tolling the time to file a notice of appeal. *See Mendes Junior Int'l Co.*, 215 F.3d at 313 (interpreting "before a notice of appeal . . . has become effective" to mean that a court may only toll the time period "while there exists the possibility, under the provisions governing appellate jurisdiction, that a notice of appeal from the judgment could become effective").

In urging the Court to adopt its interpretation of Rule 58(e), Defendants overlook a simple fact: while Rule 58(e) authorizes a court to delay the clock for filing the notice of appeal, a court can only delay the clock when there is time left on it. It was incumbent upon Defendants to file a request to toll the statute before the time to appeal expired; their failure to do so means that they cannot now avail themselves of Rule 58(e).

B.      Whether Good Cause or Excusable Neglect Exist

In addition, Defendants argue that the Court should extend the time to file a notice of appeal because good cause and excusable neglect exist. As Defendants correctly point out, a district court "may extend the time to file a notice of appeal . . . regardless of whether its motion is filed before or during the 30 days after the time prescribed by [Federal Rule of Appellate Procedure 4(a)] expires . . . [if] that party shows excusable neglect or good cause." Fed. R. App. P. 5(A)(ii). However, because Defendants have not introduced any evidence to support their argument that good cause or excusable neglect exist, the Court DENIES their Motion.

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-663 PSG (JWJx) | Date | December 9, 2008 |
|---|---|---|---|
| Title | Gregory Scott Del Amo v. Norman Baccash | | |

C.  Whether the Court Should Impose Sanctions Against Defendants

Besides opposing the present Motion, Plaintiff also requests that the Court impose sanctions against Defendants.  While Defendants' arguments lack legal and factual support, the Court does not find them so patently frivolous that sanctions are warranted.  Accordingly, the Court DENIES Plaintiff's request.

III.  CONCLUSION

The Court DENIES both parties' Motions.

**IT IS SO ORDERED.**